UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STATE FARM FIRE AND CASUALTY COMPANY,

        Plaintiff,                        Case No. 18-13077

v

                                              Honorable Thomas L. Ludington

ROBERT DELAND,
HOWARD LINDEN, as Next Friend of John Doe, a minor
JOHN DOE, a minor,
JOHN DOE 3

        Defendants.
_____/

**ORDER DENYING MOTION TO STAY**

On October 1, 2018, Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a declaratory action against Defendants Robert DeLand, Howard Linden, and John Doe. ECF No. 1. On December 4, 2018, Plaintiff filed an amended complaint, adding John Doe 3 as a defendant. ECF No. 11. Plaintiff is currently defending DeLand in two state tort actions brought against DeLand by Linden and John Doe 3 under a reservation of rights. DeLand is also the defendant in a criminal case arising from the same underlying facts as the two state tort actions.

Plaintiff seeks a declaratory action that it is not required to indemnify or defend DeLand in his civil suits involving Linden and John Doe 3 pursuant to the Condominium Unitowners Policy ("Policy") that it issued to DeLand. *Id.* The action presents six counts: 1) that the injuries alleged by Linden and John Doe 3 are not "occurrences" as defined in the Policy; 2) neither Linden nor John Doe 3 have alleged that DeLand's actions caused property damage; 3) the alleged injuries were expected or intended by DeLand or were the result of willful and malicious actions; 4) the alleged conduct is excluded by the Policy's business pursuits exclusion; 5) Linden and John Doe

3's allegations should be construed as one occurrence under the Policy; and 6) the insurance provided by Plaintiff is in excess to all other available insurance for John Doe or John Doe 3. *Id.*

On January 11, 2019, DeLand filed a motion to stay proceedings pending his criminal trial. ECF No. 16. DeLand's motion will be denied.

**I.**

**A.**

The Policy provides in relevant part:

SECTION II- LIABILITY COVERAGES

COVERAGE L - PERSONAL LIABILITY

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

COVERAGE M - MEDICAL PAYMENTS TO OTHERS

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury. Medical expenses means reasonable charges for medical, surgical. x-ray, dental. ambulance, hospital. Professional nursing, prosthetic devices and funeral services. This coverage applies only:

1. to a person on the insured location with the permission of an insured . . .

2. to a person off the insured location, if the bodily injury:

    a. arises out of a condition on the insured location or the ways immediately adjoining;

    b. is caused by the activities of an insured . . .

Condominium Unitowners Policy at 15, ECF No. 11-1.

In Count I, Plaintiff contends that it has "no duty to defend or indemnify Rev. Deland under the condominium unitowners policy, as his claimed conduct does not constitute an occurrence under the policy." ECF No. 11 at 6. The Policy defines the term "occurrence" as:

> "occurrence," when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
>
>     a. bodily injury; or
>
>     b. property damage;
>
> during the policy period. All bodily injury and property damage resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one occurrence.

*Id.*

In Count II, Plaintiff contends that it has no duty to indemnify DeLand under the Policy because neither Linden nor John Doe 3 have alleged that DeLand's conduct "physically damaged or destroyed his tangible property, or caused him to lose the use of any tangible property." ECF No. 11 at 8–9. The Policy states that "'property damage' means physical damages to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not property damage." *Id.*

In Count III, Plaintiff contends that "any bodily injuries or property damages that John Doe or John Doe 3 sustained are barred by the policy's intended or expected acts exclusions." The Policy provides:

SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

    a. bodily injury or property damage:

> (1) which is either expected or intended by the insured; or
>
> (2) which is the result of willful and malicious acts of the insured.

*Id.* at 10.

In Count IV, Plaintiff contends that "any bodily injuries or property damages that John Doe or John Doe 3 sustained are barred by the policy's business pursuits exclusions." The Policy defines "business" as "a trade, profession or occupation. This includes farming." *Id.* The Policy also lists the following exclusions:

> SECTION II - EXCLUSIONS
>
> 1. Coverage L and Coverage M do not apply to:
>
> * * *
>
>    b. bodily injury or property damage arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured. This exclusion does not apply:
>
>       (1) to activities which are ordinarily incident to nonbusiness pursuits;…

*Id.*

In Count V, Plaintiff contends that though John Doe and John Doe 3's complaints allege that DeLand groomed them over a period of months, the allegations must be considered just one occurrence under the Policy. The Policy states that "all bodily injury and property damage resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one occurrence." It further provides:

> SECTION II—CONDITIONS
>
> 1. Limit of Liability. The Coverage L limit is shown in the Declarations. This is our limit for all damages from each occurrence regardless of the number of insureds, claims made or persons injured.
>
>    The Coverage M limit is shown in the Declarations. This is our limit for all medical expense for bodily injury to one person as the result of one accident.

*Id.*

In Count VI, Plaintiff alleges that its liability is "limited by the policy's other insurance provision." The Policy provides:

> Other Insurance – Coverage L. This insurance is excess over any other valid and collectible insurance, subject to the following:
>
> a. When like insurance is written in another company, we shall not be liable under this policy for a greater portion of any loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of all valid and collectible insurance against such loss.
>
> b. This insurance is not excess over other insurance written specifically to cover as excess over the limits of liability that apply in this policy.

*Id.*

**B.**

On March 20, 2018, Howard Linden, as next friend of John Doe, filed a complaint in the Circuit Court for the County of Saginaw against DeLand, the Catholic Diocese of Saginaw, and Bishop Joseph Cistone. Linden Complaint, ECF No. 11-2. Linden alleged that DeLand "engaged in a systematic pattern of 'grooming' behavior toward John Doe, targeting the minor child, gaining his trust, and/or providing him with gifts and favors." *Id.* at 3. He claimed that while at DeLand's condominium on February 25, 2018, DeLand "inappropriately, grop[ed] and fondl[ed] [Doe's] crotch and buttocks, feet and toes." *Id.* at 4. In the first count of his complaint, he alleged that DeLand's actions "amounted to assault and battery." *Id.* at 6. In the second count of his complaint, he alleged that DeLand's actions "amounted to negligence, gross negligence, and/or willful and wanton misconduct." *Id.* He claimed that Doe suffered injuries and damages that included reasonable medical expenses, physical pain and suffering, mental anguish, and emotional depression. *Id.* at 5.

On September 18, 2018, John Doe 3 filed a complaint in the Circuit Court for the County of Saginaw against DeLand, the Catholic Diocese of Saginaw, and Bishop Joseph Cistone. John Doe 3 Complaint, ECF No. 11-3. John Doe 3 claimed that DeLand engaged in a pattern of "grooming" behavior towards him and that in August 2017, DeLand sexually assaulted him. *Id.* at 3. In the first count of his complaint, he alleged that DeLand's actions "amounted to assault and battery." *Id.* at 5. In the second count of his complaint, he alleged that Deland's actions "amounted to negligence, gross negligence, and/or willful and wanton misconduct." *Id.* He claimed to have suffered injuries and damages that included reasonable medical expenses, physical pain and suffering, mental anguish, and emotional depression. *Id.* at 4.

DeLand requested that Plaintiff, pursuant to the Policy, defend him in the civil lawsuits brought against him by Linden and John Doe 3. ECF No. 11 at 5. Plaintiff is currently defending DeLand in these lawsuits, but it seeks a declaratory judgment that it is not required to do so under the Policy. *Id.* at 6.

## C.

Due to the allegations of John Doe, John Doe 3, and other individuals, DeLand was charged with the criminal offense of second-degree criminal sexual conduct involving injury; attempted second-degree criminal sexual conduct; assault with intent to commit second-degree criminal sexual conduct; gross indecency between males; selling alcohol to a minor; and distributing an imitation controlled substance. *Id.* at 6. There are five criminal complaints currently pending against DeLand. *See* ECF No. 16 at 2–3.[1] DeLand has pled not guilty in each of the cases and the trials are scheduled for March 19, 21, and 26, 2019. *Id.* at 3. The Saginaw County Circuit Court

---

[1] *People of the State of Michigan v. Robert Deland*, file no. 18-04492-FH (John Doe); *People of the State of Michigan v. Robert Deland*, file no. 18-044890-FH (John Doe 3); *People of the State of Michigan v. Robert Deland*, file no. 18-044899-FH; *People of the State of Michigan v. Robert Deland*, file no. 18-044900-FH; *People of the State of Michigan v. Robert Deland*, file no. 18-044901-FH.

stayed Linden's and John Doe 3's civil cases pending the resolution of the criminal cases. ECF No. 16 at 3.

**II.**

DeLand has filed a motion to stay Plaintiff's declaratory action pending DeLand's criminal trials. The Sixth Circuit has held that "[i]t is clear that 'nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment,' and 'there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings.'" *Federal Trade Commission v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034 (W.D. Mich. 2007) and *S.E.C. v. Novaferon Labs, Inc.*, 941 F.2d 1210 (6th Cir. 1991)). This gives district courts "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* quoting *Chao*, 498 F. Supp. 2d at 1037.

The district court may consider the following factors when determining whether to stay proceedings.

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* The court should additionally consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

**III.**

**A.**

DeLand argues that "[t]he noncriminal proceeding, if not deferred, will undermine Father Deland's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond the limits of the Court Rules, expose the basis of his defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." ECF No. 16 at 5. And, presumably, it is precisely these concerns that probably justified staying the two Saginaw County tort actions. This action, to address the coverage issue is, however, different.

The court in *State Farm Fire and Casualty Company v. Bonetti* encountered a similar situation in which the insured was facing a state criminal case, a state civil case, and a federal declaratory action. 2011 WL 6780920 (W.D. Tenn. 2011). The insured moved to stay the federal declaratory action due to the underlying criminal case. The court, citing the same six factors quoted above, denied the motion even though the criminal case and the declaratory action arose from the same factual incident. It found:

> First, the Court notes that the state criminal case, the state tort case, and the federal declaratory judgment action before the Court arise from the same factual incident: the altercation between Defendant and Bonetti. But the character of these suits is very different. The case before this Court is a declaratory judgment to determine the meaning of Defendant's homeowner's insurance policy and whether Plaintiff will be required to cover Defendant's potential liability in the state court actions. The state cases concern Defendant's personal civil and criminal liability. Thus, while Defendant's ultimate civil or criminal liability will be determined by the state court system, this Court has jurisdiction to declare the meaning of his insurance policy. Therefore, while the issues in the state criminal and civil cases and the case before this Court may overlap to a certain extent, they do not overlap enough so as to require a stay of the federal proceedings.

*State Farm Fire and Casualty Co. v. Bonetti*, 2011 WL 6780920, *2 (W.D. Tenn. 2011).

So too here. The issues in the criminal case and Plaintiff's case do not overlap the coverage question to the extent that a stay is merited. The sole issue in this case is "what duties, if any, does State Farm owe to Mr. DeLand based on the allegations made against him in the two civil

lawsuits." ECF No. 18 at 4. The question might be answered without requiring DeLand's testimony or interfering with his testimonial privilege.

**B.**

Linden and John Doe 3 both allege that DeLand's conduct was intentional and constituted an assault and battery. They also allege, in the alternative, that if not intentional that it was negligent. The allegations are inconsistent because proof of an assault and battery requires proof of an element of intent. A claim for negligence does not. However, a party may plead in the alternative as Linden and John Doe 3 have done. Michigan law provides

> (2) Inconsistent claims or defenses are not objectionable. A party may
>
> (a) allege two or more statements of fact in the alternative when in doubt about which of the statements is true;
>
> (b) state as many separate claims or defenses as the party has, regardless of consistency and whether they are based on legal or equitable grounds or on both.

MI Rules MCR 2.111. Linden and John Doe 3 are permitted to plead such an inconsistency, but the inconsistency must be resolved in order to determine whether the Policy coverage applies.

The Policy provides that Plaintiff will indemnify DeLand for "damages because of bodily injury or property damage…caused by an occurrence." ECF No. 11-1. It defines "occurrence" as "an accident." *Id.* at 2–3. Plaintiff itself contends that "[i]n order to constitute an occurrence under the subject policy, any bodily injury or property damage caused by Rev. DeLand must have been the result of accidental conduct." ECF No. 11 at 6. Discovery, including Plaintiff's depositions, may resolve the question without DeLand's testimony.

**IV.**

Accordingly, DeLand's motion to stay proceedings, ECF No. 16, is **DENIED** without prejudice.

Dated: March 14, 2019                           s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge